# EXHIBIT B

# EXHIBIT B



# Service of Process Transmittal

04/09/2021
CT Log Number 539354938

| | |
|---|---|
| **TO:** | Registered Agent Department<br>Business Filings Incorporated (Recipient Account Only)<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **RE:** | **Process Served in New York** |
| **FOR:** | **TOYOTA MATERIAL HANDLING, INC.** (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CAMRON ARNOLD, PLTF. vs. TOYOTA MATERIAL HANDLING, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # EF202100000764 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Albany, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2021 at 11:50 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/09/2021, Expected Purge Date: 04/14/2021<br><br>Image SOP<br><br>Email Notification, Registered Agent Department ctsop@bizfilings.com |
| **REGISTERED AGENT ADDRESS:** | Business Filings Incorporated<br>187 Wolf Road<br>Suite 101<br>Albany, NY 12205<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Apr 9, 2021

**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | Toyota Material Handling, Inc. |
| Agent Name | |
| Case Number | ef2021-00000764 |
| Jurisdiction | NY |



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF JEFFERSON

---

Camron Arnold,

        Plaintiff,

-v-

Toyota Material Handling, Inc., Toyota Industrial Equipment Manufacturing, Inc., and Toyota Industrial Trucks, Inc.,

        Defendants.

Index No.: EF2021-00000764
Purchase Date: 04/02/2021

c/o Business Filings Incorp.

---

### NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

**! If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**! If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

    ! serving and filing your documents electronically
    ! free access to view and print your e-filed documents
    ! limiting your number of trips to the courthouse
    ! paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

    ! visit: www.nycourts.gov/efile-unrepresented or
    ! contact the Clerk's Office or Help Center at the court where the case was filed.

Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
(E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) File the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: April 5, 2021

_____
Stephanie Viscelli, Esq.
215 Burnet Avenue
Syracuse, NY 13203
(315) 474-3742
sviscelli@stanleylawoffices.com


To:   Toyota Material Handling, Inc.
      c/o Business Filings Incorporated
      187 Wolf Road Suite 101
      Albany, NY 12205

      Toyota Industrial Equipment Manufacturing Inc.
      c/o Business Filings Incorporated
      187 Wolf Road Suite 101
      Albany, NY 12205

      Toyota Industrial Trucks Inc.
      c/o Synergy Group Inc.
      175 Price Parkway
      Farmingdale, NY 11735

FILED: JEFFERSON COUNTY CLERK 04/02/2021 03:08 PM
NYSCEF DOC. NO. 1
INDEX NO. EF2021-00000764
RECEIVED NYSCEF: 04/02/2021

Case 5:21-cv-00407-TJM-TWD   Document 1-1   Filed 08/02/21   Page 6 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF JEFFERSON

CAMRON ARNOLD,

                 Plaintiff,

-v-

TOYOTA MATERIAL HANDLING, INC., TOYOTA
INDUSTRIAL EQUIPMENT MANUFACTURING, INC.,
AND TOYOTA INDUSTRIAL TRUCKS, INC.,

                 Defendants.

**SUMMONS**
Index No.:

Plaintiff designates JEFFERSON County as the place of trial.

The basis of venue is: Location of Loss

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   March 10, 2021
           Syracuse, New York

                                       STEPHANIE VISCELLI, ESQ.
                                       Stanley Law Offices
                                       Attorneys for Plaintiff:
                                       Camron Arnold
                                       215 Burnet Avenue
                                       Syracuse, NY 13203

TO:   Toyota Material Handling, Inc.
       c/o Business Filings Incorporated
       187 Wolf Road Suite 101
       Albany, NY 12205

FILED: JEFFERSON COUNTY CLERK 04/02/2021 03:08 PM INDEX NO. EF2021-00000764
NYSCEF DOC. NO. 1                                                       RECEIVED NYSCEF: 04/02/2021

Case 5:21-cv-00401-JM-TWD Document 2-1 Filed 08/02/21 Page 7 of 18

Toyota Industrial Equipment Manufacturing Inc.
c/o Business Filings Incorporated
187 Wolf Road Suite 101
Albany, NY 12205

Toyota Industrial Trucks Inc.
c/o Synergy Group Inc.
175 Price Parkway
Farmingdale, NY 11735

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF JEFFERSON

CAMRON ARNOLD,

                    Plaintiff,

-v-

TOYOTA MATERIAL HANDLING, INC., TOYOTA
INDUSTRIAL EQUIPMENT MANUFACTURING, INC.,
AND TOYOTA INDUSTRIAL TRUCKS, INC.,

                    Defendants.

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, Camron Arnold, by his attorneys, STANLEY LAW OFFICES, complaining of Defendants Toyota, respectfully alleges, upon information and belief:

1. That at all times herein mentioned, Plaintiff Camron Arnold was and still is an individual residing at 6339 Old State Road, Natural Bridge, NY 13665.

2. Upon information and belief, that at all times herein mentioned, Defendant Toyota Material Handling Inc. is a foreign corporation with principal executive offices in Columbus, Indiana authorized to sell products in New York State.

3. Upon information and belief, that at all times herein mentioned, Defendant Toyota Industrial Equipment Manufacturing, Inc., is a domestic corporation authorized to sell products in New York State.

4. Upon information and belief, that at all times herein mentioned, Defendant Toyota Industrial Trucks, Inc., is a foreign corporation with principal offices in Farmingdale, New York authorized to do business in New York State.

5. Upon information and belief, that at all times herein mentioned, Defendant Toyota Material

Handling, Inc., and/or Toyota Industrial Equipment Manufacturing, Inc. and/or Toyota Industrial Trucks, Inc., are Corporations authorized to sell their products in the State of New York.

6. Upon information and belief, that Defendant Toyota Material Handling, Inc., and/or Toyota Industrial Equipment Manufacturing, Inc., and/or Toyota Industrial Trucks, Inc. designed, manufactured, distributed, and sold a 2006 Toyota Forklift, model number 8FGCU30, serial number 13570 entering it into the stream of commerce.

7. Upon information and belief, that at all times herein mentioned, the Defendants warranted that the forklift would be fit for its ordinary and intended particular use.

8. Defendants, owed a duty to design, manufacture, inspect, and distribute the forklift in a careful manner such that it was not unreasonably dangerous to persons or property.

9. Upon information and belief, that at all times herein mentioned, that on or about November 20, 2018, said forklift was on the premises of Ox Industries at 30 Champion Street, Carthage, New York 13619.

10. That on or about November 20, 2018, at 5:35AM, Plaintiff Camron Arnold, was lawfully on the aforesaid premises at Ox Industries.

11. That on or about November 20, 2018, Plaintiff Camron Arnold was an employee at Ox Industries in Carthage, NY. His co-worker was operating the 2006 Toyota Forklift truck behind Plaintiff when a roll of industrial paper fell off the forklift and crushed Plaintiff's left leg causing grave injuries including an amputation of his left leg.

12. Upon information and belief, and at all times hereinafter mentioned, this action falls within one or more of the exceptions set forth in CPLR Section 1602.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT

13. Plaintiff restates and re-alleges each and every allegation contained in paragraphs marked

and enumerated "1" – "12" as if hereinafter set forth in full, and further alleges:

14. That on or about November 20, 2018, an employee of Ox Industries was using the forklift for its intended purpose and normal use when due to Defendant's negligence a roll of industrial paper fell off the forklift crushing the Plaintiff's leg.

15. That Plaintiff was in no manner negligent and no action or omission on Plaintiff's part caused, nor was he responsible for his injuries.

16. That upon information and belief that Defendants forklift was placed the forklift into the stream of commerce.

17. Upon information and belief, the Defendants its agents, servants and/or employees were negligent in the design, manufacturing, and warnings of the forklift and otherwise failing to use reasonable and ordinary due care under the circumstance. Further defendant breached their continued duty to warn of dangerous conditions it knew of or should have known.

18. As a result of the foregoing negligence, Plaintiff, Cameron Arnold, was caused to sustain a grave injury through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants its agents, servants, and/or the defective design and manufacture of the forklift, and in otherwise being careless and negligent.

19. That by reason of the foregoing, Plaintiff Cameron Arnold, was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent including amputation of left leg; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds all lower

jurisdictional courts.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT

21. The Plaintiff restates and realleged each and every allegation contained in paragraphs "1" through "20", as if fully set forth herein and further alleges that:

22. Defendants released into the commerce the aforementioned forklift which was defective and not reasonably safe.

23. That upon information and belief, the forklift was defective and unreasonably dangerous in that it was not properly designed, or the product manufactured and distributed differed from the manufacturer's intended results.

24. That at all times mentioned herein, these defects were the substantial factor in causing serious injuries to Plaintiff. when the product was used in its intended and foreseeable manner, that is, when it was used, in the manner recommended by Defendants.

25. Upon information and belief, the forklift was further defective in that it failed to contain proper warnings and instructions to inform users as to the proper and safe use of the aforementioned forklift and failed to warn and apprise the Plaintiff of the dangerous condition which they knew, or should have known, existed and could cause physical injury including any and all post manufacturing defective conditions that Defendants knew or should have known.

26. That by reason of the foregoing failure to properly label, provide adequate instructions and warn, Plaintiff, Cameron Arnold, was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent including amputation of left leg; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result Plaintiff was,

and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

27. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds all lower jurisdictional courts.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT

28. The Plaintiff restates and realleged each and every allegation contained in paragraphs "1" through "27", as if fully set forth herein and further alleges that:

29. Defendants expressly warranted that the forklift was safe to use in every aspect had been manufactured safely and warranted that it was good, safe and proper to use.

30. That upon information and belief Defendants impliedly warranted that the forklift was safe to use in every aspect and had been manufactured safely and warranted that the forklift was good and safe to use.

31. That upon information and belief Defendants warranted and labeled the forklift and provide certain written instructions on said labels in connection with the use of the product.

32. That relying on said warranties Plaintiff's coworker used the forklift in accordance with its intended purpose.

33. Defendants their agents, servants and/or employees breached, express and implied warranties.

34. That by reason of the foregoing breach of warranty, Plaintiff, Cameron Arnold, was caused to sustain a grave injury and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent including amputation of left leg; and as a result of said injury Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result Plaintiff was, and will continue to be, rendered unable to perform

Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

35. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds all lower jurisdictional courts.

**WHEREFORE**, Plaintiff Camron Arnold demands judgment against the Defendants' on the Cause of Action described above in the sum that exceeds the jurisdictional limits of all lower courts together with the costs and disbursements of this action and for such other relief as this Court deems just and proper.

Dated: March 10, 2021
       Syracuse, New York

                                       STEPHANIE VISCELLI, ESQ.
                                       Stanley Law Offices
                                       Attorneys for Plaintiff
                                       Camron Arnold
                                       215 Burnet Avenue
                                       Syracuse, NY 13202

TO:    Toyota Material Handling, Inc.
        c/o Business Filings Incorporated
        187 Wolf Road Suite 101
        Albany, NY 12205

        Toyota Industrial Equipment Manufacturing Inc.
        c/o Business Filings Incorporated
        187 Wolf Road Suite 101
        Albany, NY 12205

        Toyota Industrial Trucks Inc.
        c/o Synergy Group Inc.
        175 Price Parkway
        Farmingdale, NY 11735

## ATTORNEY'S VERIFICATION

STEPHANIE VISCELLI, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at STANLEY LAW OFFICES, attorneys of record for Plaintiff Camron Arnold. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:  March 10, 2021
        Syracuse, New York

                                        _____
                                        STEPHANIE VISCELLI, ESQ.



# NYSCEF - Jefferson County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 05/06/2021 11:16 AM. Please keep this notice as a confirmation of this filing.

**EF2021-00000764**
**Camron Arnold v. Toyota Material Handling, Inc. et al**
**Assigned Judge: None Recorded**

## Documents Received on   05/06/2021 11:16 AM

| Doc # | Document Type |
|---|---|
| 5 | STIPULATION - AMENDING CAPTION |

## Filing User

Robert Alan Quattrocci | rob@stanleylawoffices.com | 3154743742
215 Burnet Avenue, Syracuse, NY 13203

## E-mail Notifications

An email regarding this filing has been sent to the following on 05/06/2021 11:16 AM:

**ROBERT A. QUATTROCCI - rob@stanleylawoffices.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Toyota Material Handling, Inc. | No consent on record. |
| Respondent | Toyota Industrial Equipment Manufacturing, | No consent on record. |
| Respondent | Toyota Industrial Trucks, Inc. | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2



# NYSCEF - Jefferson County Supreme Court
## Confirmation Notice

**EF2021-00000764**
**Camron Arnold v. Toyota Material Handling, Inc. et al**
**Assigned Judge: None Recorded**

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF JEFFERSON
-----------------------------------------------------------------

CAMERON ARNOLD

                        Plaintiff,                    **STIPULATION**

                                                        **INDEX NO.: EF2019-00000764**

     v

TOYOTA MATERIAL HANDLING, INC., TOYOTA
INDUSTRIAL EQUIPMENT MANUFACTURING,
INC., AND TOYOTA INDUSTRIAL TRUCKS INC.,

                        Defendants.
-----------------------------------------------------------------

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, attorneys of record for the parties in the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled caption is hereby amended to

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF JEFFERSON
-----------------------------------------------------------------

CAMERON ARNOLD

                        Plaintiff,

                                      **INDEX NO.: EF2019-00000764**

     v

TOYOTA MATERIAL HANDLING, INC., and TOYOTA
MATERIAL HANDLING INC., as successor of TOYOTA
INDUSTRIAL EQUIPMENT MFG., INC.,

                        Defendants
-----------------------------------------------------------------

and it is further agreed the action against Toyota Industrial Trucks, Inc is same hereby is discontinued with prejudice and without costs to either party. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: May 6, 2021
Syracuse, New York

_____
Stephanie Viscelli, Esq.
STANLEY LAW OFFICES
Attorneys for Plaintiff
215 Burnet Avenue
Syracuse, New York 13203


_____
Thomas Lane, Esq.
Attorney for Defendants
Webster Szanyi, LLP
1400 Liberty Building
Buffalo, NY 14202